### 10668.  KEITH *v.* SIMPSON *et al.*

Under the evidence, the transfer which the trustee in bankruptcy sought
    to set aside, by which, within four months prior to the filing of the
    petition in bankruptcy, the bankrupt's brother was substituted in his
    place as purchaser of land under a bond for title from another, was
    a bona fide sale, in which there was no purpose to defraud creditors;
    and, this being the only conclusion that could be reached from the
    evidence, the court did not err in directing a verdict for the defendants.

                    DECIDED OCTOBER 10, 1919.

Petition to  set aside sale; from Cobb superior court—Judge
Morris.   May 10, 1919.

*George F. Gober, Howell Brooke,* for plaintiff, cited:  Rem. Bkr.
§§ 1493-4; Moore, Fraudulent Conveyances, 1182, sec. 5; Id.
718, sec. 56; Collier, Bkr. 956; 1 Loveland, Bkr., § 67 (e); 130
Fed. 1012; 133 Fed. 878; 134 Fed. 628; 145 Fed. 466; 146 Fed.
109; 147 Fed. 438; 174 Fed. 891; 202 Fed. 250-1; 83 U. S. 489.

*E. W. Coleman,* for defendants, cited:  Bkr. Act of 1898, §§ 70,
67.

LUKE, J.  Keith, as trustee in bankruptcy of J. W. Lindsey,
sued him and T. N. Lindsey and Simpson, seeking to set aside an
alleged preference.   The evidence showed that J. W. Lindsey
bargained for the purchase of a tract of land for $700, giving there-
for one note for $100 and one for $600.   When the $100 note
matured he was unable to pay it, and borrowed the money from
T. N. Lindsey, his brother, and paid the note.   Being unable to
pay the $600 note, he negotiated a trade with T. N. Lindsey where-
by his bond for title was  surrendered to Simpson, the vendor, who
returned his notes and executed a new bond for title to T. N.
Lindsey, and accepted T. N. Lindsey's note for the $600; and
T. N. Lindsey paid for J. W. Lindsey an additional sum of $235.
The value of the land was $1,000.   Within four months of this
transaction J. W. Lindsey was adjudged a bankrupt.   The evidence
failed to show that T. N. Lindsey knew that J. W. Lindsey was
insolvent or otherwise involved than hereinbefore pointed out.   At
the conclusion of the evidence the court directed a verdict for
the defendant.

There was no fraud shown, and inasmuch as the only conclusion
that could be reached from the evidence was that the sale was
bona fide and not for the purpose of defrauding creditors, it was
not error to direct a verdict for defendant.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*